Affirmed and Majority and Dissenting Opinions filed June 28, 2007








Affirmed and Majority and Dissenting Opinions filed
June 28, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00692-CR

_______________

 

ROBERT HENRY SHEPHERD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the Co. Criminal Ct. at
Law No. 2

 Harris County, Texas

Trial Court Cause No. 1359600

                                                                                                                                               


 

D I S S E N T I N G   O P I N
I O N

 

 Although it was unquestionably
prudent in this case for the officers, in an abundance of caution, to
enter appellant=s house to verify that nothing was wrong, the
circumstances did not satisfy the requirements of the emergency doctrine so as
to make any evidence they found in the house admissible.

Before entering appellant=s home, the officers in this case
knew only that the front door had been left open, no one had responded when a
neighbor or police had called through the doorway, and the neighbors believed
that appellant was not home.  These facts do not support an objectively
reasonable belief that anyone was even in the house, let alone that immediate
action was needed to protect or assist them.








There being no cases that support
applying the emergency doctrine under these circumstances, the majority opinion
instead contends that the lack of an objective basis is overcome by the
officers= knowledge and experience that open
door calls to residences can involve assault victims, injured persons,
and the like.  However, without additional facts objectively suggesting that
any such situation was actually occurring,[1]
hypothetical possibilities do not meet the standard.  Nor can our State provide
appellant less Fourth Amendment protection than the United States Constitution
requires.  See Autran v. State, 887 S.W.2d 31, 36-37 (Tex. Crim. App.
1994).

More importantly, if circumstances as
innocuous as this can justify police entry into private homes, then the
emergency doctrine exception will largely swallow the Fourth Amendment
exclusionary rule in this context and render other exceptions to the warrant
requirement  unnecessary.

 

 

/s/        Richard H. Edelman

Justice

 

Affirmed and Majority and Dissenting
Opinions filed June 28, 2007.

Panel consists of Justices Yates,
Edelman, and Frost. (Yates, J. Majority.)

Publish C Tex.
R. App. P. 47.2(b).









[1]           Compare Brigham City, Utah v.
Stuart, 126 S. Ct. 1943, 1947 (2006) (holding that emergency doctrine
applied because the officers were confronted with violence then occurring
within the home); Laney, 117 S.W.3d at 863 (holding that
emergency doctrine applied because there would have been a substantial risk of
harm to the children if left in the home alone); Brimage, 918 S.W.2d at
501 (holding that emergency doctrine applied because complainant had been
missing for several days and was last seen near appellant's residence); and
Janicek v. State, 634 S.W.2d 687, 691B92
(Tex. Crim. App. [Panel Op.] 1982) (holding warrantless search was justified
under the emergency doctrine because there was every indication that appellant
was in the house, appellant had a psychiatric history , and there had been
reports of a gun shot in the area); with Mincey v. Arizona, 437 U.S.
385, 393 (1978) (holding that emergency doctrine did not apply because all
persons had been accounted for before the search of the residence began); Bryant
v. State, 660 N.E.2d 290, 300B01
(Ind. 1995) (holding that emergency doctrine did not apply based on belief that
someone may have been in need of aid when there was no evidence that a violent
crime had or was about to occur).